UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

CESAR HERNÁNDEZ-DE-LA-ROSA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 14-1132 (JAF)

(Crim. No. 08-37-1)

## **OPINION AND ORDER**

Petitioner César Hernández-de-la-Rosa ("Hernández-de-la-Rosa") comes before the court with a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 08-37-1. (Docket No. 1.) We deny his petition because it is time-barred and we, therefore, lack jurisdiction.

**I.**

**Background**

On September 21, 2009, a jury found Hernández-de-la-Rosa guilty of conspiracy both (1) to import and (2) to possess with the intent to distribute four-hundred and forty-eight (448) kilograms of cocaine. (Crim. No. 08-37, Docket Nos. 310, 354.) On December 21, 2009, we sentenced him to three-hundred sixty (360) months imprisonment on each of the two counts, to be served concurrently with each other. (Crim. No. 08-37, Docket No. 354.)

Hernández-de-la-Rosa timely appealed his conviction and sentence. On November 14, 2012, the First Circuit affirmed his conviction and sentence. United States v. Espinal-Almeida, 699 F.3d 588 (1st Cir. 2012) (Crim. No. 08-37, Docket No. 470.) On

February 19, 2014, Hernández-de-la-Rosa filed the instant motion to vacate his sentence, set aside, or correct his sentence. (Docket No. 1.)

## II.

### Jurisdiction

Hernández-de-la-Rosa is currently in federal custody, having been sentenced by this district court. To file a timely motion, Hernández-de-la-Rosa had one year from the date his judgment became final. 28 U.S.C. § 2255(f). His judgment became final on the last day that he could have filed a petition for a writ of certiorari, which was ninety days after the entry of the Court of Appeals' judgment. Sup. Ct. R. 13(1); Clay v. United States, 537 U.S. 522 (2003). The Court of Appeals entered judgment on November 14, 2012, and, therefore, Hernández-de-la-Rosa had until February 12, 2014, to file his § 2255 petition. Because he filed on February 19, 2014, we lack jurisdiction and must deny the petition.

To avoid any confusion in the mind of the Petitioner, and because the dates are so close, we add a clarification. Under Clay, and according to Supreme Court Rule 13(3), "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Clay, 537 U.S. at 527; S. Ct. R. 13(3). Therefore, the controlling date is November 14, 2012, and not December 7, 2012, when the mandate was issued. Espinal-Almeida, 699 F.3d 588; Appeal No. 10-1090; Crim. No. 08-37, Docket No. 470.

## III.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a

certificate of appealability ("COA").  We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  While Hernández-de-la-Rosa has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong.  Hernández-de-la-Rosa may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Hernández-de-la-Rosa's § 2255 motion (Docket No. 1).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Hernández-de-la-Rosa is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of May, 2014.

<u>S/José Antonio Fusté</u>
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE